UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY DAVIS, JR. (#222934)                               CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                            NO. 13-0745-BAJ-RLB

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 15, 2014.

                                RICHARD L. BOURGEOIS, JR.
                                UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HENRY DAVIS, JR. (#222934)**                                    **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**                                  **NO. 13-0745-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Application for Writ of Mandamus, pursuant to which he seeks to compel this Court to reconsider its Ruling denying his previous habeas corpus proceeding filed in this Court.[1] In that earlier proceeding, *Henry Davis, Jr. v. N. Burl Cain, et al.*, Civil Action No. 09-1026-JJB-CN, the Court concluded that the petitioner's claims were untimely and, pursuant to Order of Dismissal dated July 16, 2010, dismissed the petitioner's habeas corpus proceeding as time-barred. The petitioner appealed that determination to the United States Court of Appeals for the Fifth Circuit, which Court denied the petitioner's appeal by Mandate issued January 13, 2011. The petitioner subsequently applied for reconsideration before the Fifth Circuit Court, which request was denied by Ruling dated March

---

1. The Court finds that the petitioner's application is not a second or successive habeas corpus application which requires the prior approval of a federal appellate court before filing pursuant to 28 U.S.C. § 2254(d). As explained in *In re Hartzog*, 444 Fed. Appx. 63, 65 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1771 (2012), a second-filed application for habeas corpus relief "is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims." In contrast, an application "is not successive if it challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,'" as where it challenges a procedural issue, *e.g.*, timeliness or prematurity, that prevented a previous federal habeas court from reviewing the merits of the petitioner's claims. *Id., relying upon Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). In the instant case, the petitioner's prior federal habeas corpus proceeding was dismissed on procedural grounds as being untimely, and the petitioner challenges that prior finding. Accordingly, the instant proceeding is not a successive habeas corpus application.

25, 2011. The petitioner now asserts, in this proceeding filed more than 2½ years after the dismissal of his appeal, and relying on exhibits attached to the instant Application for Writ of Mandamus, that his habeas corpus application should have been considered timely. He prays "that a Writ of Mandamus be granted herein to direct an investigation and evidentiary hearing."

The petitioner's Application for Writ of Mandamus should be denied. Although district courts have original jurisdiction, pursuant to 28 U.S.C. § 1361, "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," such mandamus relief may only be invoked in extraordinary situations. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Specifically, mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (internal quotation marks omitted). "Mandamus traditionally is not to be used as a substitute for an appeal." *McDermott International, Inc. v. Underwriters at Lloyds,* 981 F.2d 744, 748 (5th Cir. 1993). In addition, mandamus relief is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief." *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

The petitioner has not shown that the relief sought in this case is clear and certain and free from doubt. He asserts in this case – in support of his contention that his 2009 habeas application before this Court should have been considered timely – that he submitted an initial prior habeas corpus application to this Court in March, 2008, yet that application was inexplicably never received or filed by the Court. He argues, therefore, that he should be entitled to equitable tolling of the limitations period and that he should not be penalized for actions which were beyond his control and which deprived him of the benefit of the earlier filing date. However, even accepting as true that the petitioner submitted an initial habeas application to the

Court in March, 2008, it is doubtful that a Court would find excusable his subsequent delay of twenty (20) months before determining that the application had never been filed and before thereafter re-submitting his application to the Court. In this regard, in order for a habeas corpus petitioner to be found entitled to equitable tolling of the applicable limitations period, it is incumbent upon the petitioner to show that he has pursued his rights diligently and that some extraordinary circumstance has impeded his attempts to obtain relief. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 891 (5th Cir. 2010). In making this determination, the Courts of this Circuit have concluded on several occasions, when evaluating a petitioner's claim that a court has failed to provide notice regarding the pendency of habeas corpus proceedings, that a petitioner's failure to inquire regarding the status of those proceedings for a period in excess of eighteen months is not indicative of due diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (18-month delay between inquiries as to status of habeas application not found to be indicative of diligence); *Schmitt v. Zeller*, 354 Fed. Appx. 950, 952 (5th Cir. 2009) (same, where the petitioner made no inquiry for 18 months). *See also LaCava v. Kyler*, 398 F.3d 271, 277 (3rd Cir. 2005) (21-month delay in making inquiry not found to indicate diligence). *Cf., Williams v. Thaler, supra*, 400 Fed. Appx. at 891 (diligence found where petitioner made repeated inquiries, commencing 9 months after the filing of his habeas application); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (diligence found where petitioner made inquiry after 11 months); *Coker v. Quarterman*, 270 Fed. Appx. 305, 310 (5th Cir. 2008) (diligence found where petitioner made inquiry 8 months after initial filing and then again one year later). In the instant case, the petitioner apparently waited 18 months before making any inquiry whatever regarding the pendency of his federal habeas corpus application,

and he does not provide any explanation for this delay. This delay suggests that a reviewing court would likely find that the petitioner is not entitled to the benefit of equitable tolling.

As noted above, mandamus relief is only appropriate when the relief requested is "clear and certain," "ministerial," or "so plainly prescribed as to be free from doubt." *See Giddings v. Chandler*, *supra*. The fact-specific nature of an equitable tolling analysis and the fact that such an analysis does not lend itself to an application of rigid rules leads to a conclusion that the relief requested by the petitioner in this case does not fit this criterion. *See United States v. Tovar-Valencia*, 2011 WL 6750363, *1 (S.D. Tex. Nov. 14, 2011) (concluding, where a petitioner sought mandamus relief "eleven years after his conviction was final, and ten years after his [federal habeas corpus application] was denied," that the petitioner "does not have a clear right to the relief requested, [and] the Government does not have a clear duty to do the act requested"). Accordingly, the Court recommends denial of the petitioner's Application for Writ of Mandamus.

In addition to the foregoing, were this Court to interpret the instant Application for Writ of Mandamus to be in the nature of an independent action seeking relief from the prior judgment under Rule 60 of the Federal Rules of Civil Procedure, the petitioner would not be entitled to the relief requested.[2] In this regard, Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Notwithstanding, Rule 60(c) further provides that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time"

---

2. Fed. R. Civ. P. 60(d) allows for the filing of an independent proceeding under Rule 60 "to relieve a party from a judgment."

and, for reasons (1), (2) and (3), above, no more than a year after entry of the judgment sued upon. In the instant case, the petitioner arguably seeks relief pursuant to that part of Rule 60(b) which allows for relief from a judgment for the reason of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), specifically because of his apparent neglect in failing to ascertain, for a period of 18 months, that his initial 2008 habeas application had never been received or filed. The term "excusable neglect," however, is neither open-ended nor without limitation: "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." 11 Wright & Miller, *Federal Practice and Procedure*, § 2858, at p. 170 (3d ed.). Rather, Rule 60(b)(1) is recognized as affording "extraordinary relief," which implicitly includes "the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Williamson v. City of Morgan City,* 428 Fed. Appx. 356, 357-58 (5th Cir. 2011), *quoting Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). In addition, the Fifth Circuit has "repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal." *Id. at 358.*

In the instant case, the petitioner's Rule 60(b) application is untimely, having been filed more than one year after the judgment complained of in contravention of Rule 60(c). Moreover, it is clear that, at the time of dismissal of his earlier habeas corpus proceeding as untimely, and also at the time of his subsequent appeal before the Fifth Circuit, the petitioner possessed the information and exhibits which he now submits to this Court in support of his claim that his original habeas corpus application was timely. *Compare* Rec. Doc. 1-1 at pp. 3-4 in this proceeding with Rec. Doc. 10, pp. 10-11, in Civil Action No. 09-01026-JJB-CN. He in fact submitted the referenced documentation to this Court in June, 2010, in an Objection which he filed to the Magistrate Judge's Report in that case, contending that the Court had wrongly found his habeas application to be untimely in light of his submission of an earlier habeas application

that had never been filed. In thereafter approving the Magistrate Judge's Recommendation, this Court implicitly found that the petitioner was not entitled to equitable tolling of the limitations period. The petitioner thereafter argued to the Fifth Circuit on appeal that his application should have been considered timely, and this argument was implicitly rejected by that Court. A petitioner is not allowed to re-assert, in a Rule 60 proceeding filed more than 2½ years after the denial of his appeal, the same arguments and exhibits that he previously presented, both before this Court and in the unsuccessful appeal. For this reason, the instant proceeding should be dismissed.

## Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the Petitioner's Application for Writ of Mandamus be denied and that this action be dismissed. It is further recommended that in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on August 15, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**